Green., j.,
delivered the opinion of the court.
In this ease it is not questioned, but that the decree of the chancellor in régard to the trust propety, is correct; but it is insisted, and we think with reason, that the decree' against the deféndánt- McConico, as to the two thousand dollar note' is erroneous. The answer in reply to the interrogatories of *229 the bill, states, that said note was executed without consider- . . ,, ation, and its existence was mentioned in the deed ot trust with a view to protect his property from the creditors of the firm, of which lie was a member; but that becoming conscious that he had done wrong, lie app’ied to his father to deliver up the note, and that the note being lost his father gave a receipt against it. This statement of the answer is not only uncontradicted by the proof, but it is supported by the testimony of Garner Y. McConnico in every material particular. The note having been made, and the deed of trust executed to defraud creditors, the defendant cannot resist the execution of the trust according to the terms of the deed. But as the note was without consideration, and was executed to hinder and delay creditors, the promise to pay, being ex-ecutory, cannot be enforced. '1 his is admitted by the complainant, but he insists that he comes into this court only because the notéis lost, or is hube hands of the defendant, and that this court will only notice such defence as the defendant could have made, had lie been sued at law. Conceding the correctness of this position, it would be incumbent on the complainant to show that the note, as it is called, was under seal; for otherwise a i eco very might have been resisted at law as well as in equity. This he has not done. It is called throughout the bill, deed of trust, answer and proof, a note, which means a written promise, not under seal, to pay money. The evidence also shows that the note was given up to the defendant, by his father, or a receipt executed against it. The debt was thereby extinguished as to the payee, or those claiming under him, unless its collection were necessary, in order to the payment of the debts of complainant’s intestate. But that it is so necessary, is not shown by the bill, or any part of the case. We think, therefore, that no decree should be given against the defendant McConnico personally for the said $2,000, and that the decree of the chancellor, in that particular is erroneous and should be reversed.
Decree reversed.